GERDONE v. GERDONE.

PAYMENT.—*Surely's Payment of Loan to Principal does not entitle Surety to Credit for Payment of prior Debt, with Proceeds of Loan*—The fact that a surety pays off a note executed by him and his principal to obtain means with which the latter's debt to a third person had been paid, does not entitle the surety to credit for such payment by the principal.

From the Harrison Circuit Court.

B. P. *Douglass* and S. M. *Stockslager*, for appellant.
W. T. *Jones* and S. J. *Wright*, for appellee.

WORDEN, J.—Action by the appellee, against the appellant, to recover possession of a town lot in the town of New Middletown, in Harrison county.

The defendant answered by a general denial, and also filed a counter-claim setting up an equitable title in herself and children, derived through her deceased husband, Henry Gerdone, who was a son of the appellee, Martin Gerdone, based on an alleged contract for the sale or transfer of the lot or a part of it, by the appellee to said Henry Gerdone.

Issue and trial, resulting in a finding and judgment for the plaintiff for one-half of the lot. Judgment set aside, and new trial granted to plaintiff, on payment of costs. The second trial resulted in a finding and judgment for the plaintiff for the whole of the lot.

The defendant moved for a new trial, assigning for cause, that the evidence did not sustain the finding, and that certain evidence was improperly admitted.

It was not disputed that, in the year 1871, the plaintiff was the owner of the lot. It cost him $25. There was evidence tending to show that, about that time, Henry Gerdone, a son of the plaintiff, being then recently married or about to be married, it was agreed between him and the plaintiff, that he, assisted by his father, should go on and build a house upon the lot; and, when he paid one-

half of the cost of the house, he was to have one-half of it, which implied that he was to have one-half of the lot on which it stood, as we think. The evidence tended to show that, in pursuance of the contract, Henry took possession of the lot, and erected a house thereon at an expense of some hundreds of dollars, and a stable and some other structures which, it might be inferred from the evidence, were regarded by the parties as part of the improvements contemplated by the agreement.

Henry lived in the house until he died, in 1875, and his widow, the defendant, has lived in it, with her children, since that time.

The evidence also tended to show that the plaintiff and the said Henry paid about equally for the improvements made, if the sum of $100, to be noticed hereafter, be regarded as paid by Henry and not by the plaintiff.

The facts in relation to the $100 appear to have been as follows :

One Jacob Rowe was employed in the building of the house. One Michael Gerdone held a note against Rowe for $100, and Henry Gerdone and Rowe agreed, that, if Henry would get up the note which Michael held against Rowe and deliver it to him, the latter would accept it in payment, so far, for his work. Henry Gerdone thereupon procured the note and delivered it to Rowe, and it was by him accepted.

In order to procure the note from Michael, Henry Gerdone executed a note to Michael, with his father, the plaintiff, as surety thereon, for $100. Afterward Henry Gerdone borrowed from John Lutz $100, with which to pay the note thus executed by him and his father to Michael, and paid it. To secure payment to Lutz, Henry Gerdone executed to him his note for $100, with the plaintiff and one Valentine Seiple as sureties thereon. Since the death of Henry, the plaintiff has paid this note to Lutz.

The appellant objected to the introduction of the evidence of the giving of the last mentioned note, and of its payment by the plaintiff, on the ground that it was irrelevant and incompetent, but the objection was overruled and the evidence admitted.

It seems to us that the evidence, particularly as to the payment of the note by the plaintiff, was incompetent and should have been excluded. It is clear, on the facts stated, that Henry paid Rowe the $100, and that the plaintiff did not.

The plaintiff became the surety of Henry upon a note to Michael, and upon another note to Lutz, upon which money was raised to pay Michael, and he has paid that note to Lutz, but this did not make the payment to Rowe the plaintiff's payment. The plaintiff may have a valid claim against the estate of Henry for the money paid by him as surety on the note to Lutz, just as any one else would have, who had paid money as surety for Henry, but this does not entitle him to be considered as having made the payment to Rowe.

If Valentine Seiple, who was also a surety on the note to Lutz, had paid it, he could not have set up a claim as for money paid to Rowe; and the plaintiff is in the same situation.

In determining the amounts paid, respectively, by the plaintiff and Henry, upon the building, the latter should have been credited with the $100 paid to Rowe.

The judgment below is reverse*E*, with costs, and the cause remanded for a new trial.